IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-cv-2842 |
| AN EASEMENT AND RIGHT-OF-WAY OVER A TOTAL OF 5.3 ACRES OF LAND, MORE OR LESS, IN TIPTON COUNTY, TENNESSEE, AND WILLIAM A. BRINGLE, FRANCES G. BRINGLE, his wife, PATRIOT BANK, CHARLES M. ENNIS, trustee, BANK OF RIPLEY, and WILLIAM G. SIMPSON II, trustee, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF AN INVESTMENT ORDER AND ORDER OF POSSESSION**

Before the Court is Plaintiff the United States of America's (the "Government") September 30, 2011 Motion for Entry of Investment Order and Order of Possession. (See Motion, ECF No. 4; see also Pl.'s Mem., ECF No. 4-1.) Defendants William A. Bringle and Frances G. Bringle (collectively, the "Bringles") have not responded and the time to do so has passed. W.D. Tenn.

1

Civ. R. 7.2 ("The response to the motion . . . shall be filed within 14 days after service of the motion."). The Government seeks an order for: (1) immediate possession of the 5.3 acre easement in Tipton County, Tennessee (the "Easement"); and (2) the investment of $28,275.00 to be deposited in an interest-bearing account with the Clerk of Court. For the following reasons, the Government's Motion is GRANTED.

**I. Background**

On September 28, 2011, the Government filed a Notice of Condemnation under the Tennessee Valley Authority Act, 16 U.S.C. §§ 831-831ee (2006 & Supp. III 2009). (See Notice of Condemnation, ECF No. 1.) The Government sought to condemn a parcel of land that belonged to the Bringles and was subject to liens in favor of Patriot Bank and Bank of Ripley. (See Easement Description, ECF No. 1-1; see also Compl. ¶ 6, ECF No. 1-3.) The Government, on behalf of the Tennessee Valley Authority ("TVA"), filed a Declaration of Taking under 40 U.S.C. §§ 3114-18 (2006). (See Declaration of Taking, ECF No. 1-5.) In the Declaration of Taking, the Government described the Easement, stated that $28,275 was the TVA's estimate of the "just and liberal compensation for the easements and rights-of-way taken," and claimed that the Easement was being taken for the "erection, operation, and maintenance of electric power

transmission circuits and communication circuits." (Id. ¶¶ 1,2 4.)

**II. Standard of Review**

Under 16 U.S.C. §§ 831-831ee, the Declaration of Taking Act applies to condemnation proceedings brought under the TVA Act. See United States ex rel. TVA v. An Easement & Right-of-Way over 4.47 Acres of Land, No. 11-2842, 2011 U.S. Dist. LEXIS 137426, at *2 (W.D. Tenn. Nov. 30, 2011) ("[T]he Court finds that Plaintiff has complied with the requirements of 16 U.S.C. §§ 831-831ee and 16 U.S.C. § 831c(i), which provide that the Declaration of Taking Act applies to condemnation cases brought under the TVA Act."). The Declaration of Taking Act requires the Government to file "a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government." 40 U.S.C. § 3114(a). The declaration of taking must include:

> (1) a statement of the authority under which, and the public use for which, the land is taken;
>
> (2) a description of the land taken that is sufficient to identify the land;
>
> (3) a statement of the estate of interest in the land taken for public use;
>
> (4) a plan showing the land taken; and

3

> (5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

Id. On filing the declaration of taking and disposition in the court:

> (1) title to the estate or interest specified in the declaration vests in the Government;
>
> (2) the land is condemned and taken for the use of the Government; and
>
> (3) the right to just compensation for the land vests in the persons entitled to compensation.

Id. § 3114(b). Courts are given discretion to "fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner." 40 U.S.C. § 3114(d)(1). The Supreme Court has concluded that, upon compliance with the provisions of the Declaration of Taking Act, "[t]itle and right of possession thereupon vest immediately in the United States." Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 5 (1984).

**III. Analysis**

The Government argues that it should be granted an order of immediate possession because it has complied with the requirements of 40 U.S.C. § 3114(a). The sole inquiry before the Court is whether § 3114(a) has been satisfied.

The public use envisioned for the Easement is the "erection, operation, and maintenance of electric power

transmission circuits and communication circuits." (Declaration of Taking ¶¶ 1,2 4.) The Government's use of the Easement is valid. See, e.g., United States ex rel. TVA v. 15.69 Acres of Land, 589 F. Supp. 2d 1349, 1362 (N.D. Ga. 2008) ("The TVA Act specifically grants . . . the power to acquire real estate for the construction of transmission lines.") (internal quotation marks omitted). The Government states the authority under which and the use for which the Easement is taken and provides a map and written description of the Easement. (See Declaration of Taking ¶¶ 1, 4, 5.) A statement of just compensation is provided, and the Government has sent a check via Federal Express in the amount of $28,275.00 to the Clerk of Court. (Id. ¶ 2.) These actions are sufficient to satisfy the requirements of § 3114(a). See An Easement & Right-of-Way over 4.47 Acres of Land, 2011 U.S. Dist. LEXIS 137426, at *1-3 (granting an order of possession where the Government described the public use as the construction of transmission lines, the just compensation was tendered, and authority was claimed under the TVA Act and the Declaration of Taking Act).

Because the requirements of § 3114(a) have been met, the Government shall have immediate possession of the Easement, as described in the Complaint, Notice of Condemnation, and Declaration of Taking. The Clerk of Court is ordered to invest $28,275 in an interest-bearing account until the appropriateness

5

of the compensation amount can be determined. See <u>United States v. Easements & Rights-Of-Way over a Total of 3.92 Acres of Land</u>, No. 2:07-CV-142, 2010 U.S. Dist. LEXIS 101181, at *1-2 (E.D. Tenn. Sept. 24, 2010) (addressing the just compensation for an easement after an order of possession had been entered and the case had been tried).

**IV. Conclusion**

For the foregoing reasons, the Government's Motion is GRANTED.

So ordered this 18th day of June, 2012.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE